UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-25022-CV-WILLIAMS

ROBIN FISHER,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Chief Magistrate Judge Jonathan Goodman's Report and Recommendations (DE 22) ("***Report***") on Defendant Carnival Corporation's ("***Carnival***") Motion to Dismiss Plaintiff's Amended Complaint (DE 17) ("***Motion***"). In the Report, Judge Goodman recommends that the Motion be granted in part and denied in part. (DE 22 at 1.) Specifically, Judge Goodman finds that Plaintiff: (1) insufficiently alleges notice based on a violation of industry standards; (2) offers conclusory and factually unsupported arguments regarding notice based on a failure to inspect; (3) fails to allege notice based on prior similar incidents; and (4) impermissibly alleges that future discovery will reveal evidence of notice. (*Id.* at 7–18.) No objections were filed to the Report, and the time to object has passed.

Upon a careful review of the Report, the Motion, the record, and applicable law, it is **ORDERED AND ADJUDGED** that:

1. Judge Goodman's Report (DE 22) is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss (DE 17) is **GRANTED IN PART AND DENIED IN PART**.

3. Paragraphs 17(c), 17(d), 17(e), and 17(f) of Plaintiff's Amended Complaint (DE 13) are hereby **STRICKEN**.[1] Should Plaintiff prefer to amend her complaint rather than have these allegations stricken, she must file a second amended complaint, **within seven (7) days from the date of this Order**.[2]

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 22nd day of April, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] In her response to Carnival's Motion to Dismiss, Plaintiff requested that the Court strike specific allegations as an alternative to dismissing the entire Complaint. (DE 19 at 11) ("However, to the extent this Honorable Court does desire to address each of [Plaintiff's] other allegations of notice, she respectfully submits that an order striking only those allegations is the better course of action, rather than dismissing [Plaintiff's] entire complaint.").

[2] As Judge Goodman correctly noted, Plaintiff improperly sought leave to amend her complaint by embedding the request within her opposition to Carnival's Motion to Dismiss. *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (citations omitted). Nonetheless, the Court will afford Plaintiff another opportunity to amend her complaint.